UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 2:23-cv-00510

SUSAN and MARK FLEMMING
        Plaintiffs,

FIRST COMMUNITY INSURANCE COMPANY,
        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SUSAN, and MARK FLEMING, sues Defendant, FIRST COMMUNITY INSURANCE COMPANY, and alleges:

1.    This is a disputed flood insurance claim under the National Flood Insurance Program and, pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), the United States District Court for the district in which the insured property is located is vested with original subject matter jurisdiction, without regard to the amount in controversy, over cases arising out of insurance claims arising under the National Flood Insurance Program.

2.    Plaintiffs are the owners of residential real property in Lee County, Florida, located at 27223 Barefoot Ln., Bonita Springs, FL 34135.

3.    Defendant is a Florida for-profit private insurance company with

its principal place of business in Pinellas County, Florida. Defendant is a "Write Your Own" insurance company, meaning that it is a private insurer authorized by the Federal Emergency Management Agency to provide standard flood insurance policies in its own name.

4.     In consideration of a premium paid by Plaintiffs, Defendant issued a standard flood insurance policy (Dwelling Policy Form) with effective dates of 8/18/22 to 8/18/23, which insured the Plaintiffs' dwelling against certain flood losses. The insurance policy bears NFIP Policy Number 09-6820414150-01 (the "Policy"). A true and correct copy of the declarations page of the policy is attached hereto as Exhibit "A".

5.     Federal Code of Regulations 44 C.F.R. §62.23 permits the Plaintiff to initiate this action against Defendant directly in the place of the Director of the Federal Emergency Management Association.

6.     On or about September 28, 2022, Hurricane Ian passed through Lee County, Florida, causing Plaintiffs' dwelling to flood, as that term is defined under the standard flood insurance policy, and causing damage to Plaintiffs' dwelling.

7.     Plaintiffs timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property through its assigned

adjuster.

8.    Pursuant to 44 C.F.R. §62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

9.    Pursuant to 44 C.F.R. § 62.23(i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

10.    Defendant issued Claim Number 382423 to the loss and assigned its filed adjuster to inspect the property.

11.    Plaintiffs submitted a sworn proof of loss and estimate of damage, to Defendant thus complying fully with all provisions of the Policy relating to giving notice of the loss and cooperating in the investigation of the loss. Plaintiffs then made demand upon Defendant to honor its obligations under the Policy and pay benefits owed to them and loss-payees/third-party beneficiaries listed on the Policy.

12.    Thereafter, Defendant failed to pay Plaintiffs' claim. More specifically, Defendant explicitly acknowledged that Plaintiffs' claim involved covered damages and valued the loss at $94,017.74 above the Policy's $5,000.00 deductible. Whereas Plaintiff hired an expert who provided an estimate reflecting flood damages in the amount of $250,253.38.

13.    Despite affording coverage for the loss, Defendant failed to make the undisputed payment for the admitted coverage.

14.    Defendant's failure and refusal to honor the full extent of Plaintiffs' claim or pay all benefits due and owing to Plaintiffs and loss-payees/third-party beneficiaries listed on the Policy constitutes a material breach of the Policy.

15.    As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs have suffered and continue to suffer damages as recoverable under the Policy, including the cost to repair and replace the damage to the dwelling and all other damages recoverable under the Policy.

16.    Plaintiffs have performed all conditions precedent to this action, or those conditions have been waived or excused.

**WHEREFORE**, Plaintiffs demand judgment against defendant for money damages, together with costs of suit.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury on all issues so triable.

Dated this 12th day of July 2023

**Alonso & Perez, LLP**
6303 Blue Lagoon Drive,
Suite 400
Miami, Florida 33126

Tel: (305) 443 6321
Fax: (305) 459 1805
*Attorney for Plaintiffs*
*info@alonsoperezlaw.com*

By: */s/ Rafael F. Alonso*
Rafael F. Alonso, Esq.
FBN: 54473